**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ABDULAFEEZ OLUWATOY ADEBIYI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-02297-MSN-atc |
| | ) | |
| WARDEN, FCI MEMPHIS, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING § 2241
PETITION AS MOOT, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN
IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON
APPEAL**

Before the Court is the *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("§ 2241 Petition") filed by Petitioner Abdulafeez Oluwatoy Adebiyi, an inmate formerly incarcerated at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"), Bureau of Prisons ("BOP") register number 82101-510. [1]  (ECF No. 1.)  On July 22, 2025, the Warden filed Respondent's Motion to Dismiss Or, In The Alternative, Motion for Summary Judgment and Supporting Memorandum of Law ("Motion to Dismiss").  (ECF No. 10.)  Adebiyi has not filed a response to the Motion to Dismiss, and the time for doing so has expired.

For the reasons that follow, the Court **GRANTS** the Warden's Motion to Dismiss and **DISMISSES** the § 2241 Petition as moot.

---

[1] At the time Petitioner filed his § 2241 Petition, he was an inmate at the Federal Correctional Institution in Memphis, Tennessee. (ECF No. 1 at PageID 1.) He was released from custody on February 2, 2026. *See* https://www.bop.gov/inmateloc/ (Register No. 82101-510) (last accessed Mar. 17, 2026). Petitioner has not notified the Court of any new address.

## BACKGROUND

Adebiyi pleaded guilty in 2024 to one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). (*United States v. Adebiyi,* No. 1:22-cr-00021-LMB (E.D. Va. May 28, 2024), ECF No. 54.)  A federal district court judge in the Eastern District of Virginia sentenced Adebiyi to an aggregate sentence of 48 months of imprisonment with credit for time served starting on Sept 7, 2022, followed by a 3-year term of supervised release. (*Id.*)

Adebiyi filed the instant § 2241 Petition on March 13, 2025. (ECF No. 1.)  Adebiyi alleges that the BOP has wrongfully deemed him ineligible for First Step Act ("FSA") earned time credits. (*See id*. at PageID 1.)

The Court ordered the Warden to file a response to the § 2241 Petition. (ECF No. 6.)  On July 22, 2025, the Warden filed a Motion to Dismiss the § 2241 Petition.[2] (ECF No. 10.)  The Warden argues that the § 2241 Petition should be dismissed because Adebiyi is statutorily ineligible to earn FSA earned time credits because he is subject to a final order of removal and because Adebiyi failed to exhaust his administrative remedies. (*Id*. at PageID 19.)

The Warden's motion is supported by the declaration of Robin Eads, a paralegal for the BOP's Consolidated Legal Center with access to official records for BOP inmates, including

---

[2] Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts permit a respondent to file a pre-answer motion to dismiss a petition for writ of habeas corpus under 28 U.S.C. § 2254, and those rules may be applied to § 2241 petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

2

Adebiyi's SENTRY Report, administrative remedy history, and a copy of Adebiyi's immigration detainer, which are also attached as exhibits.[3]  (ECF Nos. 10-1, 10-2, 10-3, 10-4 & 10-5.)

## **LEGAL STANDARDS**

Under Rule 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted."  To survive a motion to dismiss, the petition must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When considering a motion to dismiss, the Court accepts all well-pleaded allegations as true and construes the record in the light most favorable to the non-moving party.  *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013).

"A district court is not permitted to consider matters beyond the complaint" when considering a motion to dismiss under Rule 12(b)(6).  *Mediacom Se. LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012).  If a court considers material outside of the pleadings, the motion to dismiss must be converted into a motion for summary judgment under Federal Rule of Civil Procedure 56, "and all parties must be given a reasonable opportunity to present all material pertinent to the motion."  *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011).  A court may, however, consider exhibits attached to the petition as well as exhibits attached to the motion to dismiss "so long as they are referred to in the [c]omplaint and are central to the claims contained therein," without converting the motion to one for summary judgment.  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

---

[3] According to Eads' declaration, SENTRY is "a computer database that contains inmates' personal data, administrative remedy history, sentence computation, disciplinary history, housing assignments, and other pertinent information."  (ECF No. 10-1 at PageID 29.)

**ANALYSIS**

When Adebiyi filed his § 2241 Petition, he was serving his 48-month custodial sentence. (*See* ECF No. 1 at PageID 1.)  Adebiyi was released from BOP custody on February 2, 2026.[4]

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'"  *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (quoting U.S. Const., art. III, § 2).  A case or controversy, at a minimum, requires that "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citation omitted).  This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there."  *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011).

 "An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction."  *Spencer*, 523 U.S. at 7.  "Once the prisoner's sentence has expired, however," he must make an affirmative showing that he is suffering some concrete "collateral consequence" because of his completed sentence, or his claim is properly dismissed as moot.  *Id.*

The § 2241 Petition is moot because Adebiyi has completed his custodial sentence and has been released from BOP custody.  Any argument that the BOP erred in its application of earned time credits under the FSA has been rendered moot by Petitioner's completion of his

---

[4] *See* https://www.bop.gov/inmateloc/ (Register No. 82101-510) (last accessed Mar. 17, 2026).

custodial sentence. *See Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (citation omitted) (stating that a case becomes moot "and falls outside [a court's] jurisdiction" when "events occur during the pendency of a litigation which render the court unable to grant the requested relief").

Adebiyi does not attack his underlying criminal conviction, and the only relief sought in his § 2241 Petition is that he "be granted First Step Act Eligibility and credit and released immediately." (ECF No. 1 at PageID 5.) Because Adebiyi has completed his custodial sentence, the Court is "unable to grant the requested relief." *See Demis*, 558 F.3d at 512. The Warden's Motion to Dismiss (ECF No. 10) is **GRANTED** and the § 2241 Petition (ECF No. 1) is **DISMISSED** as moot. Judgment shall be entered accordingly.

<u>**APPELLATE ISSUES**</u>

Federal prisoners who file petitions under § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the

petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

For the reasons explained in the section above, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Adebiyi leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**, this 26th day of March, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE